## Hope's Estate.

*Wills—Construction—Charitable bequests—Hospital "devoted" to certain purpose.*

Where testator bequeathed part of his estate "to any hospital in the City of Philadelphia that shall be devoted to the treatment of contagious diseases for the purpose of endowing a ward therein," and provided for a gift over if there should be no such hospital at the time the legacy became payable, the testator intended a gift to a hospital devoted to the treatment of contagious diseases and not a hospital that contained a ward for contagious diseases or an isolation ward where contagious diseases are incidentally treated, or a hospital that would be willing to establish such a ward; and where it appeared that no hospital devoted to such purpose existed in the city, the lower court properly held that the alternative gift took effect.

Argued March 22, 1916. Appeal, No. 26, Jan. T., 1916, by the City of Philadelphia, for the use of the Philadelphia Hospital for Contagious Diseases, from judgment of O. C. Philadelphia Co., Jan. T., 1914, No. 22, dismissing exceptions to adjudication amending the adjudication and revoking the award in the Estate of James F. Hope, Deceased. Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.

The facts appear in the following opinion of GEST, J., sur exceptions to the adjudication:

The language used by the testator is plain, and we have no doubt as to his intention. He bequeathed a share of his estate "to any hospital in the City of Philadelphia that shall be devoted to the treatment of contagious diseases for the purpose of endowing a ward therein to be called the 'Hope Memorial Ward.'" He evidently contemplated that at his death there might be such a hospital in existence, that is a hospital devoted to the treatment of contagious diseases, not a hospital that contained

and administered a ward devoted to contagious diseases, or an isolation ward where contagious diseases are incidentally treated, or a hospital that would be willing to establish such a ward; and that this was his intention is further shown by his statement of the purpose of his bequest, namely, "to endow a ward therein," that is, a ward in a hospital devoted to the treatment of contagious diseases.

When this case was before us on exceptions filed to the award made to the City of Philadelphia as trustee for the Municipal Hospital for Contagious Diseases, we held in an opinion by the president judge, 24 Pa. D. R. 555, that none of the hospitals which at that time presented their claims were entitled to the legacy; and the adjudication was recommitted to the auditing judge in very guarded terms, the suggestion being made that perhaps some one of the claimants or some other hospital might be able to qualify; and at the re-audit the Hospital of the University of Pennsylvania claimed the legacy on the ground that it had erected in 1905 and since then had maintained a distinct building known as the "Isolation Building" as a ward for the exclusive treatment of contagious diseases. On the other hand, the Episcopal Hospital showed its willingness and intention to alter a building already on its grounds, and its purpose, in case the legacy should be awarded to it, of designating the building as the Hope Memorial Ward.

Doubtless either of these worthy hospitals would make good use of the money, if it should be awarded, and the auditing judge gave the preference to the Episcopal Hospital on the ground that the testator provided "should there be no such hospital" (i. e., a hospital devoted to contagious diseases) "at the time of my death or when the legacy is payable, or if there be no such hospital which will accept such a legacy on these terms, then and in such event I give, devise and bequeath one-fifth part of the said one-tenth to the Episcopal Hospital in the City of Philadelphia for the purpose of endowing a free

bed in the said hospital and the remaining one-fifth of the said one-tenth I give devise and bequeath to any charity which shall be designated by my said wife." We cannot agree that this alternative bequest in any way affects the construction of the will so far as the testator's main purpose is concerned. The legacy, or rather one-half of it, is bequeathed to the Episcopal Hospital only if there should be no hospital that fulfills the prescribed conditions. The alternative bequest has nothing to do with the treatment of contagious diseases at all, it is only given, in case of failure of the main purpose of the testator, to the Episcopal Hospital to endow a free bed therein.

We do not, however, award the fund to the University Hospital because we think for reasons stated above, and also in the prior opinion of the court, that neither that hospital, nor the City of Philadelphia as trustee for the Municipal Hospital for contagious diseases, nor any of the other claimants is entitled to receive this legacy. The testator in contemplation of the existing condition provided an alternative bequest of one-fifth part of this tenth of his residuary estate to the Episcopal Hospital and the remaining one-fifth part to any charity that should be designated by his wife; and as the testator's wife is deceased without having designated such a charity, it would appear that the Act of May 23, 1895, P. L. 114, 1 Stew. Purd. 592, would apply as indicated in our previous opinion.

We therefore amend the adjudication accordingly and award the said one-fifth part of one-tenth of the testator's residuary estate to the hospital of the Protestant Episcopal Church in Philadelphia for the purpose of endowing a free bed in the said hospital, and the remaining one-fifth part will be retained by the executor pending proceedings to be instituted under said Act of May 23, 1895, notice hereof to be given by the executor to the attorney general.

Judges LAMORELLE and GUMMEY dissent.

1916.]      Assignment of Error—Opinion of the Court.

*Error assigned* was in dismissing exceptions.

*John P. Connelly,* City Solicitor, with him *Ernest Lowengrund,* Assistant City Solicitor, for appellant.

*J. B. Townsend,* of *Townsend, Elliott & Munson,* for The Hospital of the Protestant Episcopal Church in Philadelphia, appellee.

PER CURIAM, April 17, 1916:

The decree in this case is affirmed, by a majority of the court, at the costs of the appellant, on the opinion of the court below sur exceptions to the amended adjudication and decree.